THE CLEVELAND RAILWAY CO. v. O'REILLY.

*Error proceedings—Weight of evidence—Reversal by reviewing
court justified, when—Excessive verdict—Court warranted in
setting aside, when.*

1. Where a case is taken on error to a reviewing court on the
ground that the verdict of the jury is against the weight
of the evidence, a mere difference of opinion between the
court and the jury is not sufficient to justify a reversal.
The verdict and judgment must be clearly and manifestly
against the weight of the evidence, and that condition is
to be determined as a matter of law by the reviewing court
and not as a matter of discretion or judgment in the sense
in which the jurors exercise those faculties upon the facts.
2. A verdict should not be set aside as excessive unless it is so
excessive in the mind of the court as to be shocking to a
sound judgment and a sense of fairness to the defendant.

(Decided March 13, 1922.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Squire, Sanders & Dempsey,* for plaintiff
in error.

*Messrs. Payer, Winch, Minshall & Karch,* for de-
fendant in error.

SULLIVAN, J.    This action comes into this court
on error from the court of common pleas of Cuya-
hoga county, wherein a verdict for five thousand
dollars was returned by the jury, and judgment en-
tered thereon by the court, in favor of Thomas
W. O'Reilly, plaintiff below, who contended in the
petition, and by the evidence of his own testimony
and corroboration thereof, that he was seriously
injured by the defendant below while he was at-

tempting to board a trailer car of the defendant company, which it is claimed was suddenly started, by reason whereof he was thrown violently to the ground and sustained serious injuries.

The only grounds of error charged are that the verdict of the jury and the judgment below are against the weight of the evidence, and that the verdict of five thousand dollars is excessive.

The court for the purpose of determining the first question has reviewed the material portions of the evidence, under the rules of law so often laid down by this and other courts of Ohio and elsewhere, and has come to the conclusion that there are no salient points in the record that would lead the court to conclude that the verdict is clearly and manifestly against the weight of the evidence. This conclusion has been reached by adherence to the overwhelming authorities with respect to the limitations and restrictions placed by law upon a reviewing court in regard to its judgment concerning the weight of evidence. The fact is unescapable that the jury is the trier of the facts, and that the verdicts of juries are not to be disturbed by violating the established legal rules of conduct laid down to govern reviewing courts with respect to reversing verdicts and judgments upon the weight of the evidence. It is obviously the duty of the reviewing court to hew to the line of the law laid down by multitudinous authority. This court, as well as others, in passing upon the weight of the evidence, has not only repeatedly laid down the rule that should be followed in reviewing the evidence as to its weight, but has repeatedly held that the reviewing tribunal has no power to go beyond a certain limit. In other words, the reviewing court must draw the line, between try-

ing the facts and determining credibility, and passing upon the record as a matter of law. In other words, the reviewing court must keep out of the jury box unless the verdict and judgment are clearly and manifestly against the weight of the evidence, and that condition is to be determined as a matter of law by the reviewing tribunal, and not as a matter of discretion or judgment, in the sense that the jurors exercise those faculties upon the facts.

The language adopted by our courts with respect to this issue, to-wit, that the verdict must be clearly and manifestly against the weight of the evidence in order to be disturbed, as a matter of law, is open to analysis. Webster's New International Dictionary, in defining the word "manifest," among other definitions gives the following:

"Open, clear, apparent, visible, plain, unmistakable, indubitable, indisputable, evident, self-evident. * * * That is *manifest* which is clearly evident."

In the examination of the record in this case the court has given what it considers due weight and credit to the significance of these definitions, as bearing upon the meaning and significance of the words "clearly and manifestly against the weight of the evidence."

The rules of law which have been quoted so often in cases of this character, and which this court is bound to follow, if compiled in composite form could not be stated any better than in the following cases arising in our own court:

In *N. O. T. & L. Co.* v. *Snook,* in an opinion rendered November 22, 1915, by Judge Grant, formerly sitting on this bench, the following language is used:

"It was for the jury, when properly instructed as

to the law applicable by the court, to say in favor of which contention the evidence preponderated. Plausible deductions could be made either way by minds open to the operation of evidence, and the controversy, when brought to the test of a given conclusion squaring with the testimony approached from any point of view, might be resolved in favor of one litigant or the other, without doing violence to honesty of opinion and conscientious weighing of evidence. And the jury were the weighers, the triers of the matter of fact. A court of review does not try the matter of fact, where a jury has performed that duty as to questions upon which different minds might reach different conclusions, according as they have given credence to that evidence which supports one theory of the case rather than the other, both theories being before them, each appealing to their judgment in reaching a conclusion.

"There was much testimony brought forward in the trial, on each side. Much of it appertained to the realm of scientific research, surgical skill and the causes and effects of certain diseases and injuries on the human body, and the relations of these *inter sese*. From a proper and even just consideration of the entire mass, opposite conclusions could well be reached, and it is not the duty or business of a reviewing court to blame a body of men primarily selected for the purpose of resolving the issue, because they resolved it in one way rather than the other."

In *Weadock* v. *Obermiller*, Judge Grant, on December 11, 1916, used the following language:

"The record in the case is voluminous, covering 420 pages besides carrying with it no less than 124

exhibits, consisting largely of correspondence between the parties. It seems that this court—a court of review only and not of first instance in law cases—is expected, in effect, to try the action over again, with the great disadvantage of not seeing or hearing a witness.

"The idea that such is the function of this court at all is quite mistaken. All that we are called upon to do is to look into the record far enough to discover a tendency of the evidence to support the judgment attacked, which judgment rests directly upon the verdict of the jury, who in the first instance are the triers of the matter of fact. Our duty is thus bounded and measured. Having ascertained that there was a conflict at this point as to what the facts were, it became the jury's duty to settle the dispute and resolve it in favor of the party for whom the evidence preponderated. Cases there are, it is true, where the finding of the jury so widely mistakes the proper tendency of the evidence and is so manifestly at variance with what the evidence properly weighed and estimated is, that it becomes the duty of a court of review to correct its work."

In *Packard v. Toledo Traction Co.*, 22 C. C., 578, the Lucas county circuit court held as follows upon this question:

"Where a case is taken on error to a reviewing court on the ground that the verdict is not sustained by sufficient evidence and is against the weight of the evidence, the reviewing court are not triers of the facts, but to determine as a matter of law, whether the verdict is sustained by sufficient evidence."

Judge Hitchcock in *Newnam's Lessee* v. *City of Cincinnati*, 18 Ohio, 323, says at page 334:

"But we look upon it as an invasion, by the court, of the province of the jury, which should always be guarded against.    *  *  *

"But in every case, it is right to presume that, where the same is fairly submitted to a jury, and the law properly stated, the verdict will be in accordance with the law and evidence."

Again, Judge Thurman, in *French* v. *Millard*, 2 Ohio St., 45, uttered the following language, which seems to this court to be very applicable to the case at bar:

"We are not satisfied that the verdict of the jury was right. But this is not enough. A mere difference of opinion between the court and the jury does not warrant the former in setting aside the finding of the latter. That would be, in effect, to abolish the institution of juries, and substitute the court to try all questions of fact. It must be *clear that the jury has erred.*"

In the case at bar there is no error claimed as to the competency of testimony or the charge of the court. In fact there is no error of law of any nature whatsoever charged, excepting only as it would arise by reason of the fact that the jury found a verdict in favor of the plaintiff below.

Unless the court can judicially see an error of law in the verdict, eliminating the fact that no error of law is charged with respect to the competency of the evidence or the charge of the court, under the above holdings it seems palpable and obvious that the verdict should not be disturbed, for the main feature of the evidence as disclosed by the record seems to be a question of conflict in the evidence

and nothing else, and upon this point the jurors were the triers of the facts, and in the absence of a patent fact appearing from the record that the verdict was clearly and manifestly against the weight of the evidence what is there for the court to do under the rules and authorities above laid down except to affirm the judgment below?

As to the charge that there is error in the case at bar because of the excessive verdict, we quote language used by Judge Niman, a former member of the circuit court, in the case of *The Massillon Iron & Steel Co.* v. *Wiegand,* 15 C. C. (N. S.), 417, in which opinion the learned judge quoted with approval language from the case of *L. S. & M. S. Rd. Co.* v. *Schultz,* 19 C. C., 639, which in turn was quoted from the syllabus in the federal case of *Smith* v. *Pittsburg & Western Ry. Co.,* 90 Fed. Rep., 783, 41 W. L. B., 113.

"A verdict should not be set aside simply because it is excessive in the mind of the court, but only when the excess is shocking to a sound judgment and a sense of fairness to the defendant. Where there is any margin for a reasonable difference of opinion in the matter, the view of the court should yield to the verdict of the jury rather than the contrary."

After an examination of the record as to its bearing upon the charge that the verdict is excessive we have come to the conclusion from the testimony in the case, and especially from the medical testimony, both in chief and in cross-examination, that we cannot say that the verdict is excessive, for the reason that there is evidence tending to show that the injuries received from the accident, by way of aggravation or otherwise, were of a serious and permanent nature.

The court is of the opinion that the penalty for prosecuting error proceedings, under Section 12249, General Code, should not be inflicted, as the court is of the opinion, considering the case in all its phases, that there was reasonable ground for proceedings in error, and an entry of this character will be entered on the minutes of the court.

By virtue of the foregoing we are of the opinion that there was no error in the judgment of the lower court, and the judgment is hereby affirmed.

*Judgment affirmed.*

INGERSOLL, J., concurs.

VICKERY, P. J., not participating.