## STATE COURT OF APPEALS—Continued

take as to the law, and there being objection to our doing so.

However, our inherent power over our orders and judgments during the term at which they are rendered, must be exercised with a sound discretion (Bank v. Smith, 102 OS. 120), and we are all agreed that is would not be a wise and sound exercise of discretion on our part to grant this motion and establish a precedent that under the circumstances here presented a losing party may be relieved from the consequences of his own mistake, for which the prevailing party is in no wise responsible.

The motion to set aside is overruled, and likewise the motion for new trial is overruled. Like entries may be made in Case No. 1410, State of Ohio ex rel Roy R. Stuart, etc., v. Toledo Memorial Park and Cemetery Association.

Note—The case, in detail, will be found in 3 Abs. 575.

Attorneys—Roy R. Stuart, prosecuting attorney and H. S. Commager, asst. pros. atty., for State ex; Edward H. Ray for Meyer; all of Toledo.

---

No. 930

B. & O. R. R. CO. v. GILMORE

Ohio Appeals, 9th Dist., Lorain Co.

No. 343.    Decided Oct. 10, 1925

997.  REAL ESTATE—Where grantor sells land to which grantee does not have access except over the other lands of said grantor, said grantee shall have a way to it as an incident to the grant.

PARDEE, J.

The Baltimore and Ohio Railroad Co. filed its petition in the Lorain Probate Court to appropriate certain real estate belonging to Scott Gilmore.  Upon hearing, preliminary questions were decided in favor of the Company and a jury was impaneled to assess the compensation to be paid Gilmore for the land taken.  The amount returned in favor of Gilmore was not satisfactory to the Company and the case was taken to the Common Pleas on error where judgment was affirmed.

Error was prosecuted to the Court of Appeals and the Company contended that when Gilmore's predecessors in title conveyed two pieces of land to the company in 1898, he did not reserve over the land conveyed a right of way from the land belonging to the Company into the middle parcel, and from the land remaining in Gilmore, into the middle parcel,

there being five parcels in all.  Gilmore claimed that he had such a right of way over the Company's parcels and the value of said land was permitted to be testified to by Gilmore's witnesses.  It is claimed this was prejudicial to the Company as it enhanced the amount of the verdict.  The Court of Appeals held:

1.  The question raised is, did Gilmore's predecessors in title, without reserving a right of way over the land conveyed, have and retain such right of way by law?  What rights if any did Gilmore have over land conveyed to Company?

2.  It seems to be well settled that where a grantor sells to his grantee certain real estate to which the grantee does not have access except over the other lands of said grantor, said grantee shall have a way to it as an incident to the grant.

3.  It is also true that if the grantor had kept said land and sold his other lands, that he would have reserved to himself, by operation of law, a right of way over the land sold. Meredith v. Frank et, 56 OS. 479.

4.  It is claimed that this does not apply where real estate is conveyed to a railroad company for a right of way, and that as against such a company, there cannot be a way of necessity over its right of way unless the land of the property owner comes within provisions of 8858 GC.

5.  This section, however, has no reference to ways of necessity, and is not intended to deny or limit such rights that apply thereto; but it is intended to enlarge rights of property owners owing fifteen or more acres of land in one body and through which a railroad passes and which lands are not by common law entitled to a way of necessity.

6.  Section 8858 GC provides for crossings of convenience which a railroad company is required to install under said conditions, as distinguished from ways of necessity.

7.  The trial court did not commit any error in permitting Gilmore to show the value of his land with a right of way as incidental thereto over the land of the company.

Judgment affirmed.

Attorneys—H. C. Johnson, Elyria; J. M. Lessick, Cleveland, for Company; Glitsch & Stack, Lorain, for Gilmore.