Robinson, J.
 

 The relationship between the plaintiff and the defendant on the occasion of the injury was that of invitee and owner. The defendant therefore owed to the plaintiff the duty to have its premises in a reasonably safe condition and to warn the plaintiff of latent and concealed perils of which it knew.
 

 The evidence of plaintiff tended to prove that in
 
 *169
 
 the east end of the semi-dark foyer there was an unmarked, unlocked door leading to the cellar; that all patrons entering or leaving the theater passed through the foyer and in close proximity to this door; that the door leading to the cellar was an ordinary, solid wooden door; that it was so located that it might reasonably be mistaken for an entrance to a toilet; that plaintiff did so mistake it, and, because of such mistake, or because of the unlighted stairway beyond, fell to the basement and was injured. The evidence in respect to the negligence of the defendant was sufficient to carry the case to the jury upon that issue.
 

 A motion to direct a verdict for the defendant was based and sustained upon the ground that the plaintiff’s own evidence raised an inference of contributory negligence on her part proximately contributing to her injury, which was in no way offset by her evidence or evidence in her behalf. The plaintiff, being an invitee, was entitled to rely upon the performance by the defendant of its whole duty toward her as such invitee. She was invited to use that portion of the theater which had been provided for its patrons, included among which was a restroom. The plaintiff sought to avail herself of the accommodation thus afforded, and opened the door which she believed, and which, because of its location, she had a right to believe, was the door she had been invited to open and which she had not been warned not to open. Therefore there wafe no negligence on her part in the opening of the door. If her fall and consequent injury were the direct result of the opening of the door, not aided by any other voluntary act upon her part, her injury could not be attributed in
 
 *170
 
 part to her own negligence, since up to and including the act of opening the door she had conducted herself in the exact manner she believed, and had a right to believe, she had been invited to act, and in the manner an ordinarily prudent person would act under the same or similar circumstances.
 

 The question, then, of the inference of contributory negligence on her part was dependent upon whether any of her evidence tended to prove that she fell in the process of, and as a direct result of, opening the door, or whether all of her evidence tended to prove that she fell as a result of advancing into the unlighted stairway.
 

 For the purposes of the motion the trial court was required to give to her evidence the most favorable interpretation in her behalf of which it was reasonably susceptible. Did the trial court observe this rule? Her evidence disclosed that her recollection of how the accident occurred was not very clear or definite. Her answers were often inconsistent, from some of which the only reasonable inference that could be drawn would be that she fell because of and in the act of opening the door, as distinguished from the act of voluntarily passing through the door. From other of her answers, a reasonable inference might be drawn that she opened the door and then of her own volition stepped into the unlighted stairway. For instance, she testified:
 

 “Q. You thought the toilet was inside of that door, did you? A. Yes, and I started to fall downstairs, and my hand was on the knob.
 

 “Q. "Was it light or dark inside of that door and down that stairway? A. There was no light, but I
 
 *171
 
 went so fast down I don’t know whether there was any light in back of it. I went down so fast that I did not see any light. * * *
 

 “Q. Yet yon turned the knob and pushed the door open? A. I turned the knob and I was gone downstairs. * * *
 

 “Q. And when you pushed it open did you step out onto the platform which is there? A. I didn’t have a chance to do much of anything. I just opened that door, and it seemed I went clear to the bottom of the stairs. My hand was pulled off the knob when I was going downstairs. I could not hold myself no way. * * *
 

 “Q. And shoved the door open, and did you look to see what was there before you stepped out into it? A. I was downstairs before I had time. * * *
 

 “Q. Now, what I am asking, Mrs. Lantermilch, is, Did you look to see what there was in there before you stepped, or did you not look? A. Well, the door was not clear open because I was only opening it. Just opening it — when I was opening the door, I didn’t open it back wide because I had hold of the knob as I was pulled away from the door.”
 

 From which evidence a reasonable inference would be that the plaintiff fell as a result of and as a part of the act of opening the door.
 

 Other portions of her testimony are:
 

 “Q. You opened the door, and then you stepped forward into that areaway, and when you stepped forward you fell? A. I should say I did. * * *
 

 “Q. You stepped out in there, didn’t you, or you wouldn’t have been there? A. I must have stepped in there, but I was gone that quick.”
 

 From which latter answers a reasonable inference
 
 *172
 
 would be that she, iu addition to opening this door, voluntarily passed into the unlighted stairway.
 

 It will be observed that while her answers are somewhat inconsistent, the inconsistencies are not of such character as to constitute them corrections or withdrawals, but are merely several inartful attempts to describe and redescribe the event in the same way.
 

 The conclusion, therefore, of the trial court, that her own evidence raised an inference of negligence on her part, proximately contributing to the injury, required the trial court to determine which of her several inconsistent answers were more probably true, and to base his inference upon that conclusion. In other words, the judge weighed her evidence, and determined that the weight thereof preponderated in favor of the theory that she' had voluntarily passed into the unlighted stairway. He not only did not give to the most favorable portion of her evidence the most favorable interpretation in her behalf of which it was susceptible, but he gave to the most unfavorable portion of her evidence the most unfavorable interpretation toward her of which it was susceptible.
 

 Whenever in the trial of an action at law it becomes necessary to determine between conflicting-statements of the same witness or of different witnesses wherein the truth most probably lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, the performance of that function is for the jury. This case is distinguishable from the. case of
 
 Flury
 
 v.
 
 Central Publishing House, ante,
 
 154, 160
 
 *173
 
 N. E., 679, in that the evidence of the plaintiff m that case clearly disclosed that the fall was not occasioned alone by the act or process of opening the door, but by the voluntary advance into the darkness.
 

 Judgment affirmed.
 

 Day, Allen and Matthias, JJ., concur.