## HANUS v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8845.   Decided Mar. 26, 1928.

Syllabus by Editorial Staff.

**49. AFFIDAVITS—1277. Words and Phrases.**

Where affidavit, charging removal of certain parts, included in general statutes, belonging to automobile, without owner's consent, contains words "without the consent of the owner" and "contrary to the statutes in such cases made and provided," omission of word "unlawful" does not render such affidavit fatally defective.

**1265. WEIGHT OF EVIDENCE—333. Criminal Law.**

Conviction based on testimony of prosecuting witness who is brother of accused, held to be against weight of evidence.

Error to Municipal Court.
Judgment reversed.

Bartholomew, Leeper & McGill, Cleveland, for Hanus.
S. O. Hirstius, for State.

## FULL TEXT.

SULLIVAN, PJ.

This case is here on error from the Municipal Court, Criminal Branch, of the City of Cleveland, wherein, upon affidavit, the defendant was convicted for removing certain parts included in the general statute belonging to an automobile, without the owner's consent, and one of the points of error is that the affidavit was insufficient in law upon which to base a conviction, for the reason that the word "unlawful" was omitted from the affidavit.

We do not think this position is well taken, for the reason that the phrase "without the consent of the owner" is equivalent to the inclusion of the word "unlawful," and especially when the phrase appears "contrary to the statutes in such cases made and provided." Hence, we think that there is no error under this assignment.

We now come to review the evidence as to whether, under the rules of criminal law, the conviction must be had beyond the existence of a reasonable doubt, and that this must appear reasonably from the record, and upon an examination of the same, we have come to the conclusion that the evidence lacks that degree of probability and moral certainty which must characterize evidence in criminal cases, to the end that a verdict of guilty may be had and sustained by a reviewing court.

We find that the prosecuting witness was a brother of the defendant, and naturally come to the conclusion that, by reason of this relationship, there must have been an unnatural state of feeling on the part of the prosecuting witness against the defendant, and for this reason we cannot give the evidence of the brother that degree of credence which we think is necessary to characterize a record in a reviewing court where a conviction is had tinctured with a motive that must have existed because of that degree of antipathy that must have been at least partially a motive that permeated the feelings of the prosecuting witness, and consequently the testimony which appears in the record from him lacks that credibility which we think ought to exist in the testimony that forms the basis of a conviction in a criminal case.

Our analysis of the evidence is based upon the reasoning in the case of The Painesville Utopia Theatre Co. vs. Anna Lautermilch, Ohio Law Bulletin and Reporter for the 5th of March, page 125, 1928, and we quote therefrom as follows, in order to show a basis for our views:

"Whenever from conflicting evidence of the same witnesses or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury."

Thus holding, the judgment of the lower court is hereby reversed as contrary to the weight of the evidence and law, and plaintiff in error is discharged.

(Vickery and Levine, JJ., concur.)