### DOMBROSKI v RANKIN

Ohio Appeals, 9th Dist, Lorain Co

No 464. Decided Dec 11, 1928

C F Adams and D H Aiken, both of Lorain, for Dombroski.
Fauver & Fauver, Elyria, for Rankin.

**WASHBURN, PJ.**

These facts warranted the conclusion that Rankin caused the arrest of Dombroski, and it then became a question for the jury to determine as to whether or not, under all the circumstances, there was probable cause for having Dombroski arrested.

**Melanowski v. Judy, 102 O.S. 153, at p. 156.**

In this case the determination of the question of probable cause required a consideration of the care taken by Rankin to ascertain who the proprietor of said business place was and where he lived, the source of Rankin's information, and all the facts and circumstances; and in determining it the jury was authorized to draw all reasonable inferences from the facts and circumstances proven.

The trial judge was without power to weigh the evidence or determine what reasonbale inferences should be drawn from the facts proven.

**Painesville Utopia Theater Co. v Lautermilch, 118 O.S. 167.**

Ellis & Morton v. Ohio Life Ins. & Trust Co., 4 O. S. 628.

The suggestion that the trial judge indicated that the ruling on the motion was partially based upon the fact that there was no evidence that Dombroski was damaged, is of no avail, because there was some evidence of damage. Dombroski was publicly arrested and confined for an hour or more in the jail, and then taken before the court and arraigned and discharged; he was entirely innocent and had no connection whatever with said business place or the crime committed therein, and had done nothing to even excite a suspicion of his being guilty of an offense; under such circumstances he had a right to have the jury pass upon the question of damage and the trial judge was not authorized to take that question from the jury.

The record discloses that the trial judge invaded the province of the jury in the case at bar, and for that reason the judgment must be reversed.

The merits of this controversy are not before us; in this proceeding we determine only a question of law; neither is there involved any question as to the power of the trial judge to set aside the finding of the jury: all that we determine is that under the record in this case the trial judge was not justified in **preventing** a finding by the jury.

For error in directing a verdict for Rankin, the judgment is reversed and the cause remanded.

Funk, J, and Pardee, J, concur.