INDUSTRIAL COMMISSION OF OHIO *v.* OCHENDUSKA.

(Decided December 17, 1928.)

*Mr. John A. Elden* and *Mr. Edward C. Turner,* attorney general, for plaintiff in error.

*Mr. John M. Pindras,* for defendant in error.

SULLIVAN, P. J. The Industrial Commission of Ohio, plaintiff in error, which was defendant in the court of common pleas, seeks the reversal of the judgment of that court on the ground that the verdict is not sustained by sufficient evidence, and because the trial judge overruled a motion made by defendant at the close of all the evidence to direct a verdict in its favor.

The defendant in error, John Ochenduska, resided in the city of Cleveland, was 36 years old, and commenced to work on the 21st day of February, 1924, for the McKinney Steel Company as a common laborer, working 1 day in February, 4 days in March, 19 days in April, and 22 days in May, 1924. The day consisted of eight hours, and the compensation was 60 cents per hour. On May 23, 1924, while so employed, at about 3 o'clock in the afternoon, while he stood in the vicinity of a pile of castings placed on a shelf, the mass of iron became displaced and fell to the floor of the storeroom, and one piece thereof fell on defendant in error's foot, from which he received what is claimed to be painful injuries.

While the castings were falling, defendant in

error caught hold of a piece of about 50 pounds weight in order to prevent its falling, and the effort caused him to bend down, and he claims that then and thereby he suffered a severe strain to his spine.

The toe was bandaged and a plaster applied to the back, and later the defendant was taken to a hospital and cared for for some time by a surgeon. The injury to the spine, it is claimed, was of such a nature that he did not recover therefrom, and later, in October of the same year, an appeal was made to the Associated Charities and later on he returned to the McKinney Steel Company, where he was given light employment, which commenced on November 25, 1924, and this work it is claimed he was unable to perform.

While so employed, he signed what are known as occupational disease and physical impairment statements, but it is claimed that he was unaware of the contents of these instruments of writing.

There is credible evidence in the record that the disability by reason of the injury to the spine did not cease, and it is urged that he is totally unable to do any sort of manual labor that requires the movement of the spine. His family consists of a wife and three children.

On appeal from the Industrial Commission of Ohio to the court of common pleas, the cause was tried to a jury, and a verdict returned in favor of Ochenduska, the defendant in error, but a motion for new trial was sustained, and thereupon the case was tried to another jury with the same result, and the case is now here upon the assignment of error above stated. The record is therefore searched to ascertain whether under the rules of law there is

any credible evidence upon the issues which are material to the case to support the verdict and judgment of the court.

It is the established rule of reviewing courts in Ohio that a verdict cannot be set aside on the ground that it is clearly and manifestly against the weight of the evidence, unless it appears from the record as a matter of law that there has been a serious mistake made by the court or jury, and this mistake must be so violent that its source is found in a misapprehension of the facts to such an extent that the verdict is a shock to the senses.

As has been repeatedly stated, if there are two views that may be derived from the record, it is error for a reviewing court to reverse the verdict, because it would be an invasion of the province of the jury, and, if such a status exists, there is only one thing under the authorities that a reviewing court can do, and that is to affirm the judgment on the ground that there is credible evidence, appearing upon the issues, to sustain the verdict. This law is well stated in *Painesville Utopia Theatre Co. v. Lautermilch,* 118 Ohio St., 167, 160 N. E., 683.

The specific argument of plaintiff in error is that there is no credible evidence to support the contention that the injury to the spine resulted from the act of defendant in error in undertaking to stop the 50-pound piece of iron from falling to the floor, but upon an examination of the record, we find that there is evidence whose tendency is to support the theory that the injury to the spine was caused by a wrench to that portion of the anatomy, and that the wrench followed from the attempt or effort to save the falling piece of heavy casting. This evi-

dence appearing by direct as well as inferential testimony, the claim cannot be supported that there is no credible evidence to support this contention, and, after examining the whole record, we are compelled to follow the authorities and affirm the judgment of the court below.

*Judgment affirmed.*

VICKERY, J., concurs.

LEVINE, J., not participating.