THE CLEVELAND RY. CO. *v.* SMITH.

(Decided December 24, 1928.)

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.

*Mr. J. Roger Jewitt,* for defendant in error.

HOUCK, J. This cause is here from the common pleas court of Cuyahoga county, where it was tried to a jury and resulted in a verdict in favor of plaintiff below, William Smith, defendant in error here, in the sum of $7,000. Error is prosecuted to this court, in which it is sought to reverse the judgment in the lower court. Hereafter the parties will be referred to as they stood in the court of the first instance.

Plaintiff claims to have been injured about 7 p. m. on January 12, 1927, while alighting from a west-bound St. Clair avenue car at East Sixty-second street. He sets forth in his petition that the car was prematurely started while he was in the act of alighting, and that, as a result of same, he suffered an injury to his back, and otherwise, which he claims permanently injured him and incapacitated him from following his employment as a horseshoer.

The defendant below, the plaintiff in error here, claims prejudicial error in the record, and seeks a reversal of the judgment entered below in the following particulars: (1) That the judgment is manifestly against the weight of the evidence and not supported by sufficient evidence; (2) that the verdict is excessive, appearing to have been rendered under the influence of passion or prejudice; (3) that the court erred in submitting to the jury, at the request of the plaintiff before argument, written request No. 2; (4) that the court erred in its general charge to the jury.

The court in its charge to the jury enumerated specifications of negligence, as set forth in the petition, as follows:

"The facts contained in the petition are these: He says that on or about the 12th day of January, 1927, he was a passenger on one of defendant's west bound St. Clair Ave. street cars, and that while he was in the act of alighting from that street car at East 62nd St., the motorman negligently started the car causing him to be thrown to the sidewalk or pavement and dragged for some distance. The plaintiff further claims that as a result of being thrown to the ground and dragged thereon he sustained the personal injuries enumerated and described in the petition."

It will be observed that the real negligence upon which the plaintiff seeks to recover in this suit is the result of the claimed premature starting of the car while he was in the act of alighting. It is urged by counsel for defendant, in oral argument and written brief, that the evidence offered in the trial does not sustain this claim, or, at least, that the evidence as to same is conflicting, and that the finding of the jury thereon is and was manifestly against the weight of the evidence.

The record discloses that the plaintiff testified in his own behalf as follows:

"When I was getting off I had hold of the rod inside and I got one foot down on the ground and as I did he started the car and closed the door and this threw me back."

"Q. Now, Mr. Smith, you said as you were getting off the car you had one foot on the ground and one

foot on the step. Where was your weight at that time? A. I suppose mostly on the ground.''

''Q. And what happened when you got your right foot on the ground? A. Well, he started up the car.''

''Q. And what happened to you? A. And it threw me back.''

The record further discloses that A. A. Warner, an erecting foreman of the defendant, testified that the front step of this street car was 9½ inches wide and 3 feet long, and, when down, the step made an angle and projected 4 inches at the rear and 2 inches at the front part beyond the body of the street car.

It will be seen from the above that there was sufficient evidence on the part of the plaintiff to support his claim and allegations in his petition that he was injured while alighting from the street car and by the premature starting thereof.

A reviewing court will not reverse a judgment for the claimed reason that it is against the manifest weight of the evidence unless upon the whole record it clearly appears that such is the case. A citation of authorities seems to the court to be useless. However, we will refer to the following: *Breese* v. *State,* 12 Ohio St., 146, 80 Am. Dec., 340; *Remington* v. *Harrison,* 8 Ohio, 507; *Higgins* v. *Drucker,* 22 C. C., 112, 12 C. D., 220; *Painesville Utopia Theatre Co.* v. *Lautermilch,* 118 Ohio St., 167, 160 N. E., 683.

In the light of the evidence offered in the trial, and in view of the authorities here cited, we must and do find that the verdict of the jury is not manifestly against the weight of the evidence.

As to the second claimed ground of error, ''is the

verdict excessive," will say that, if the medical testimony given in the trial is to be relied upon, the injuries received by plaintiff are of a permanent character. Dr. F. G. Jones testified in substance that he had had thirteen years of general practice; that plaintiff had his head cut, some concussion, rib fracture, a large contusion or black and blue spot over the back part of the pelvic bone, extending quite a way down to the tip of the spine, about the size of a man's fist; that he saw him every day for the first two months; that plaintiff could not stand up for a pain in his back; that plaintiff was in bed for six weeks. Dr. Jones also testified as to other injuries received by the plaintiff at the time of the accident.

Dr. Jones further testified as follows:

"Q. During the time this man was under your observation at the hospital and the times he went to your office, and when you discharged him, what is your opinion doctor, when you discharged him— sent him to some one else—whether the man would be able to resume a trade such as a blacksmith? A. I told him at the time I discharged him that I thought he had a sacro-illiac strain and the chances were that he never would be able to do blacksmithing again."

It would seem from the testimony of this witness, as well as that of other witnesses, that the injuries received by plaintiff were and are of a serious nature and of a permanent character.

"A verdict will not be set aside for excessiveness, unless clearly shown to be excessive from prejudice or passion." *Cincinnati St. Ry. Co.* v. *Kelsey,* 9 C. C., 170, 6 C. D., 209.

"A verdict should not be set aside simply because it is excessive, * * * but only when the excess is shocking to a sound judgment and a sense of fairness to the defendant." *Cleveland Ry. Co.* v. *O'Reilly,* 16 Ohio App., 132, 138.

"This court will not set aside a verdict on the ground of excessive damages unless the damages are palpably excessive, or, if the action is on a contract, they exceed the legal liability of the defendant under the contract." *White* v. *Arleth,* 3 O. F. D., 571.

Did the trial court commit prejudicial error in giving special request No. 2 before argument? The same reads as follows:

"If you find that the street car came to a full stop at E. 62nd St. and St. Clair Ave., to allow plaintiff to alight from the front end, then I charge you it was the duty of the motorman in charge thereof not to start the car until plaintiff had alighted safely and had stepped a sufficient distance away from the car so as not to be struck by any portion thereof, and if the motorman violated such duty in such respect then I charge you that the defendant is negligent."

It hardly seems necessary to say that special requests before argument need not be given unless they are applicable to the issues raised by the pleadings and the evidence offered in support of them. However, if special requests before argument contain the law clearly applicable and pertinent to the issues raised by the pleadings and the evidence, it is prejudicial error for the trial judge to refuse to give such requests.

A lengthy discussion of the question now before us is unnecessary, and we deem it sufficient to say

only that under the issues raised by the pleadings and the evidence offered in the trial the questioned request to charge before argument is sound law and clearly applicable to the case at bar. Therefore we find no prejudicial error in the giving of this request in charge to the jury.

Did the court below err in its general charge to the jury? We have read with great care the general charge of the trial judge in the present case, and will content ourselves by saying it fully and completely covers every issuable fact raised by the pleadings and the evidence, and is a fair and impartial discussion and application of the law to the case now under review. We find no error in the record prejudicial to the rights of plaintiff in error, and therefore the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS, P. J., and LEMERT, J., concur.

Judges of the Fifth Appellate District sitting in place of Judges SULLIVAN, VICKERY and LEVINE, of the Eighth Appellate District.