## GOODYEAR TIRE & RUBBER CO v THAYER

Ohio Appeals, 9th Dist, Summit Co

No 1515.   Decided Jan 11, 1929

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Goodyear.

Motz & Morris, Cuyahoga Falls, for Thayer.

**WASHBURN, PJ.**

We have carefully read and considered the evidence, as shown by the bill of exceptions, and we find that there was a conflict in the evidence as to how long the defendant in error was at the scene of the accident before he was injured; as to the extent to which the scene of the accident was lighted by the standing cars in the vicinity at the time; as to the extent the plaintiff in error's car blocked the north-bound right of way at the time defendant in error was injured; as to what efforts, if any, the plaintiff in error made to move its car out of the path of north-bound traffic; and there was also a conflict in the evidence as to what was done by the plaintiff in error to warn Kennedy and others using the highway, of the condition there existent.

As to some of these matters, and others, the evidence is so conflicting as to render uncertain what the real facts are, and these matters have a direct bearing upon both of the propositions relied upon by the plaintiff in error.

It cannot be said that a verdict for a defendant is required as a matter of law where there is a substantial conflict in the evidence as to any material fact, upon which such a verdict depends; and it is settled in Ohio that the questions of negligence, proximate cause and contributory negligence, do not become questions of law for the court where there is a conflict in the evidence as to the controlling facts.

**Painesville Utopia Theater Co. v. Lautermilch, 118 O.S. 167.**

We are of the opinion that the record in the case at bar presents such a conflict in the evidence in reference to material questions of fact as to preclude us from determining that the defendant in error was guilty of negligence as a matter of law or that as a matter of law the plaintiff in error was not guilty of any negligence which proximately caused the injuries.

But if it were established that the cir-

cumstances under which defendant in error acted were such as plaintiff in error claims, we would be unable to find that the evidence clearly and unmistakably establishes negligence on the part of the defendant in error. We think that whether or not one in his circumstances should have anticipated that the thing which did happen, or some similar thing, was likely to happen, is a matter concerning which different minds might reasonably arrive at different conclusions.

These are the only questions we were asked to pass upon in this case, but there is presented by the record the further question of whether or not the findings of the jury on these questions are manifestly against the weight of the evidence; and as to that question, we have reached the conclusion that the findings of the jury are not manifestly against the weight of the evidence.

Funk, J, and Pardee, J, concur.