WINSTON, Admr etc v ZWICK

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9411. Decided Feb 18, 1929

Wm. J. Pollack, Cleveland, for Winston.
A. M. Klein, Cleveland, for Zwick.

SULLIVAN, J.

This court in an opinion delivered in the case of **Ford, Admr. vs. Papcke, 5 Ohio Law Ab. 715,** analysed the law under the authorities as to what was a scintilla of evidence and undertook in the opinion to interpret the rule.

From an examination of the evidence it appears that about an hour and a half before the fire that smoke and even sparks emitted from the chimney at a point near the ceiling and from interstices between the bricks of the chimney at other portions thereof, by reason of the fact that there was no plaster upon the brick and the mortar had disappeared from between the layers of brick, and it also appeared from the record that this last occasion was only one of many of like character and it is conclusive from the evidence that the landlord or owner of the property was aware of this dangerous condition and therefore we do not have to deal with the question as to whether the landlord had notice because this is beyond peradventure.

While the record does not show any positive evidence that the exact cause of the fire was because of the violation of the Ordinance or other defects not named therein, existing in the chimney, yet there is a circumstance which in law is equivalent to direct evidence and that is that in the neighborhood of an hour before the death of the decedent by the burning of the building, sparks and smoke emitted from the chimney in the room where the decedent then was in the company of the agent of the landlord, whose attention was called to the dangerous situation and whose previous knowledge of former similar instances made him aware of the danger.

In deciding this question as to the scintilla rule, we are bound to give the evidence most favorable consideration with respect to the plaintiff, of which the situation is susceptible and there are many authorities in Ohio as well as other States that in cases of fire like the case at bar a circumstance may be determinative of the question as to the proximate cause thereof, and this proposition is laid down as general law consonant with the rules of evidence. Liability for fire may be established by circumstantial evidence as well as by positive evidence, and there is no distinction in the strength of the same where each is so substantive in its character that under the rules of law there is a sufficiency to support the conclusion of negligence, and all that is required of the evidence whether it is circumstantial or direct, is that it fairly and reasonably warrants the conclusion that some other cause was not the source of the origin of the fire and it is a well established principle of evidence that inferences may be drawn from circumstantial evidence as well as from positive and direct evidence, and while it is not always understood, an inference deducible from facts and circumstances in and of itself partakes of the character and quality of testimony itself and not an argument deducible therefrom. Reasoning applicable to this situation under discussion arising from the record may be found in 11 R. C. L. 994; Lillibridge vs McCann, Mich. Sup. Court, 41 L. R. A. 381; Hull & Co. vs Phila. & Reading R. R. Co. 16 L. R. A. 299; Jones on evidence, 218 and many other authorities unnecessary to quote, but before leaving this phase of the case the Supreme Court of Ohio in the **Painesville Utopia Theater Co vs Lautermilch case, 118 OS. 167, Bar. Assoc. Rep. Apr. 24, 1928,** analyses similar situations of the character under discussion.

It is argued by counsel for the defendant in error that the Court of Common Pleas was justified in arresting the case from the jury because the record discloses that the decedent as a matter of law was guilty of contributory negligence because he himself was aware of the dangerous condition of the chimney as well as the owner of the property, and that inasmuch as there was no promise by the landlord to repair and which was relied upon, that he cannot recover.

We do not feel justified, under the record, in holding that the decedent was guilty of contributory negligence as a matter of law because the evidence is insufficient to show that knowledge on the part of the decedent which was necessary as to whether the source of the fire was a defect incorporated in the ordinance or whether the condition of the chimney was such that the sparks and smoke found their source therein because there is one inference at least that the wind might have blown smoke and sparks down the chimney and if so that would not be because of any defect but by reason of an external cause. In other words, while the decedent was apparently cognizant of the sparks and the smoke there is an insufficiency of evidence that he had knowledge that the same arose from any of the defects claimed in the ordinance or charged in the petition so that upon this question we cannot hold, as a matter of law, that there was contributory negligence but it is our judgment from a reading of the entire record that as to the truth of the allegations of the petition there were circumstances upon which inferences could be based, all of which formed evidence of a substantive character and therefore a jury issue was the outcome.

Thus holding, the judgment of the Common Pleas Court is hereby reversed and the cause remanded for further proceedings according to law.

Vickery, PJ and Levine, J, concur.