## BAKER v APPEMAN

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided September 30, 1929

David Kammer, Esq., Cleveland, for Baker.

Messrs. Lamb, Vaughn & Krauss, Cleveland, for Appeman.

SULLIVAN, J.

Speaking upon the latter point first, we do not think that the court committed any error for the nature of the injuries, as appears by the record, was necessarily and inevitabily cognizant to the plaintiff. If the injury in a personal injury case is the breaking of a bone, the dislocation of a joint, the loss of a leg or eye, or any other injury of a similar nature, there is no question but that upon the testimony of the person injured a recovery can be had without resorting to expert testimony. This is self-evident for the reason that the knowledge is actually in the possession of the person injured, and in the instant case it would be only upon a more subtle aspect of the case that an expert would

be necessary. We, therefore, do not think that the court .committed error in this respect.

Coming to the question as to whether the verdict is clearly and manifestly against the weight of the evidence, an examination of the record does not bring us to that conclusion in this case, because there is nothing but a conflict in the testimony and, as has often been said in our opinions, a reversal can only be had as a matter of law and this reversal depends upon some aspect of the record which shows that there has been such a judgment as shocks the senses or results in a judgment which is clearly and manifestly against the weight of the evidence. This rule is laid down, and we have quoted it often, and we quote it again in the case of **Painesville Utopia Theater Co. vs. Lautermilch, 118 OS. 167.**

Holding these views, the judgment of the lower court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.