## SOUTHERN FINANCE CORP v LAMBERT
### SAME v WERNER, etc
### SAME v McCULLOUGH MOTOR CO

Ohio Appeals, 8th Dist Cuyahoga Co
Nos 10250-51-52. Decided Nov 11, 1929

C. E. Alden, Cleveland, for Finance Corp.
Wilt & Yoder, Cleveland, for Lambert et.

SULLIVAN, J.

We have examined the evidence in the cases in order to ascertain whether the judgments are clearly and manifestly against the weight of the evidence, and we have come to the conclusion that there is nothing in the record which signifies that a grievous error was committed or that the judgments shock the senses or that there was a mistake either in law or in fact. The opportunity that was offered the plaintiff to furnish proof of a written character to support the oral testimony that a consideration was paid for the notes and which was not taken advantage of, is an element that, in our judgment, shows the weakness of the plaintiff's claim upon this question of lack of consideration.

It seems to us that in the trial of the cases, the documentary evidence could have been produced to show the payment of money for the purchase of these notes, in order to dispel the presumption by reason of the character of the business of the plaintiff, that they were simply performing service for the collection of these notes for which they were to be paid, prices to be agreed upon or otherwise. Again, from an examination of the notes we find that the alteration of the dates is so striking in its nature that it leads to but one conclusion and that is that it was not made prior to or at the time of the execution thereof. This is determined by the difference in the nature of the ink and the lack of any purpose in making the alteration excepting as it bore upon the question as to whether the plaintiff received the notes prior to their maturity.

It is well settled that **the alteration** of a date upon a note is vital and material and unless consented thereto by the

parties to the note, the note becomes null and void and even though the burden of proof is upon the party making the assertion that there has been an alteration, yet in the present instance the instrument itself is of such a nature that upon analysis of the same it is our judgment that there is but one logical conclusion and that is that the evidence is of too doubtful and weak a nature upon which to hang the proposition that there was a consent to the alteration, and that it was made before it came into the hands of palintiff who claims to be an innocent purchaser.

The judgments should not be reversed because they are clearly and manifestly againt the weight of the evidence, unless they are clearly and manifestly against the weight of the evidence, and this is always shown by some overbalancing situation in the record that points to an error or mistake or to a circumstance which produces a judgment that is violative of the principles by which reasonable principles are adduced.

A reviewing court has no right to reverse a judgment unless this situation exists, otherwise it is treading upon the province of the jury and transforming itself into a trier of facts instead of reviewing the questions of law.

One element in the cases that we think is quite decisive, is the character of the contract for which the notes were given.

The basis of the same was for certain advertisements appearing upon a clock which in the very nature of the case would leave the question as to full and final performance to the situation which arose at the consummation of the performance of the services. Under such circumstances it does not look reasonable to the court that the plaintiff, with the terms of the contract in such a chaotic state and the question of the terms of the contract being consummated being of a doubtful nature that actual money would be paid for the notes before they were due, when it is well known to the trade that in contracts of such a character, disputes as to performance of the contract very frequently and naturally arise. The evidence is not sufficiently convincing upon this point.

The three defendants positively deny that they ever authorized anybody to change the date of the notes from Oct. 6, 1927, to Nov. 6, 1927, by placing any mark through the zero composing the numerals one and cipher. Each testified that the note they signed were dated Oct. 6, 1927.

We must admit that the testimony is conflicting but that is not strange because it occurs in almost every case and the situation is almost impossible of exclusion.

Bearing upon the question of alteration of the notes and that the instruments are null and void, if the same is done without the proper parties consenting, we cite, **Newman vs King, 54 OS. 275, Ohio Jurisprudence, Vol. 1., p. 926,** and upon the question of the defense of a holder in due course we cite **Motor Corporation vs Huntsberger, 116 OS. 318 Syllabus, 2.,** and especially call attention to the language of Marshall, CJ., on page 323, which is as follows:

"A breach of the executory contract while the notes were still in possession of the payee would have constituted a defense."

In the consideration of this case we must bear in mind that the judge sat as a jury, that the witnesses were before him, that he had an opportunity to observe them, listen to them and note their manner, interest, prejudice and every other external evidence bearing upon credibility from which a reviewing court is prohibited.

The verdict of a jury must not be disturbed unless a situation appears such as is delineated in the language of our Supreme Court in the case of **Painesville Utopia Theater Co. vs Lautermilch, 118 OS. 167.**

Holding these views, the judgment of the lower court is hereby affirmed.

Vickery, PJ., and Levine, J., concur.