## DAVIS v STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 10785. Decided June 9, 1930

L. E. Appleton, Cleveland, for Davis.
Ray T. Miller, Prosecuting Attorney, Cleveland, for State.

SULLIVAN, J.

As to the first question, upon an examination of the record we have come to the conclusion that we cannot disturb the verdict of the jury, for the reason that the facts were submitted fairly and impartially and there appears from the facts as related in the record, credible evidence to support the verdict bringing into requisition the rules of evidence in criminal cases.

Whatever our opinion may be as to the strength or weakness of the evidence, it has no force as against the verdict of the jury where there is credible evidence under the rules of criminal law to support the verdict, unless after the review of the entire evidence it appears that the verdict and judgment were clearly and manifestly against the weight of the evidence and this we cannot say because of the existence of positive and circumstantial evidence of a credible nature appearing in the record.

It is also claimed that the evidence is not sufficient but it is impossible to discuss this question without applying the rules applicable to the question of the weight of the evidence especially where it appears as in the case at bar that there is no legal deficiency in the record that would warrant the conclusion that the evidence was insufficient in law. Hence we come to the conclusion that under the authority of **Painesville Utopia Theater Co. vs. Lautermilch, 118 O.S. 167**, we have no right upon review to disturb the verdict and judgment, and while this authority cited is a civil case, yet the principle therein enunciated applies, when we keep in mind the rules of criminal law as to reasonable doubt.

It is argued that the court committed prejudicial error by not observing **13442-3 GC.** which appears to make it mandatory upon the court to charge the question of reasonable doubt in the words of the statute. That statute reads as follows:

(Here follows quotation.)

The court had charged the following language upon the subject of reasonable doubt, to which exception was taken:

"Now the reasonable doubt, ladies and gentlemen of the jury is meant a doubt based upon reason. It is not a doubt based upon whim and conjection, or suspicion or prejudice. It means exactly what it says. If after considering all the evidence and weighing it you are not satisfied with the defendant's guilt then there is a reasonable doubt existing. On the other hand if, after considering, all the evidence and weighing it, your mind has an abiding conviction of the guilt of the defendant, then there is no reasonable doubt and you should return a verdict of guilty. And remember this, absolute certainty is all that is necessary, and you will exercise in all your deliberations the judgment of candid men and women."

After the court delivered the above instructions upon objection of counsel for plaintiff in error and the calling of the court's attention to the section of the code noted, the jury were re-instructed in the words of the section above set forth, and this we think corrected any error committed by the court in using its own language instead of that of the statute upon the question of reasonable doubt.

We have examined these charges of error and it is our holding that they are not prejudicial to the rights of the plaintiff in error and our holding is therefore that the judgment of the lower court is hereby affirmed.

Vickery, P.J., and Levine, J., concur.