### ZIMMER v KENNEDY et

Ohio Appeals, 4th Dist, Brown Co

Decided July 14, 1936

Frank X. Frebis, Georgetown, and Paxton & Seasongood, Cincinnati, for plaintiff in error.

Thomas G. Johnson, Prosecuting Attorney, Georgetown, Arthur S. Fite, Georgetown, and John H. Houston, Georgetown, for defendants in error.

### OPINION

By BLOSSER, J.

This action was instituted by Edna Zimmer as administratrix of the estate of George Zimmer, deceased, to recover damages for his wrongful death. In her petition she alleged among other things that Zimmer was driving an automobile on a muddy and slippery public highway in Brown County, and that while on the approach to a county bridge, the automobile slid backward into a creek adjoining the road; that the approach was more than six feet high and was unprotected by guard rails, hedge fence or other barrier; that as a result of the fall the driver of the car, George Zimmer, was killed. There was also an allegation of damages, together with a prayer therefor. The case was tried to a jury, and at the conclusion of the plaintiff's evidence the court directed the jury to return a verdict for the defendant. It is asserted that this motion was sustained by the trial court upon authority of the case of **Flury v Central Publishing House, 118 Oh St 154, 160 NE 679,** in that the deceased was guilty of contributory negligence as a matter of law.

The evidence in the case shows that the defendant board was guilty of negligence in failing to maintain a guard rail of any kind at the point in question. It is asserted that there is nothing in the plaintiff's evidence to show that there was no hedge fence. This proposition, however, is answered by the evidence which shows that there was no guard rail or barrier of any kind at the place of the accident, and the most favorable view must be given the plaintiff's evidence on the motion to direct a verdict.

The defendant asserts that it had no notice that there was not a guard rail at the place of the accident. No notice was necessary in this instance. §7563, GC, provides that the county commissioners shall erect and maintain guard rails on each side of every approach to a county bridge if the approach or embankment is more than six feet high. The next section (§7564 GC) provides that a hedge fense shall be a sufficient compliance with the requirement. §7565, GC, provides that as a penalty for failure to comply with these provisions the county shall be liable for all accidents or damages as a result of such failure. The statutes enjoin a positive and mandatory duty on the commissioners to erect guard rails and provide a penalty for failure to comply with this duty.

The evidence discloses that the deceased after driving his automobile across the bridge in question discovered that he was on the wrong road. He then put his car in reverse gear and proceeded to back across the road in order to turn and be able to proceed in the direction he was going. It was then shortly after seven o'clock in the evening, and was getting dark, although there is some evidence that objects could be readily seen. He backed very slowly, and put his head out of a window which was open, and looked backward to see where he was going. He continued to look all the time he was backing across the road. The evidence is in dispute as to how far he proceeded, but there is some evidence that he backed the car to about six and a half feet from the wing wall, which was at the side of the approach to the bridge and which was more than six feet high, at the bottom of which was the creek. The road was higher than the top of the wing wall. He had his lights burning, and the front lights shone very brightly. The evidence is not positive as to whether the rear light on the automobile was then burning. It was found to be broken after the automobile was wrecked. When the rear wheels were about six and a half feet from the wing wall and the front wheels and most of the car were on the improved part of the road, the deceased put on the emergency brake and brought the car to a complete stop. He then put the car in low gear, released the emergency brake and the car moved forward slightly for a moment, but the wheels slipped and skidded, and instead of the car going forward it slipped backward over the wing wall and into the creek, and the driver was killed.

The facts in this case are to be distinguished from the case of **Flury v Central Publishing House, 118 Oh St 154, 160 NE 679.** A distinction was later made by the Supreme Court in the case of **Painesville Utopia Theater Co. v Lautermilch, 118 Oh St 167, 160 NE 683.** In the Flury case the plaintiff walked into the elevator shaft without looking or taking any precaution whatever. In the present case the deceased came to a complete stop when within about six and a half feet from the wing wall. He did not proceed to back farther over the precipice, but, on the contrary, put his car in low gear and attempted to proceed away from the place of danger. Had there been a sufficient guard rail or a strong barrier the car probably would not have fallen over the embankment. As the deceased kept a lookout as he proceeded to back the car he likely would have had warning of the danger had a guard rail been erected.

This court has held that a guard rail is for the purpose of giving warning of the location of danger. **Harrigan v Board of Commissioners of Lawrence County, 13 Oh Ap 408,** at page 411, where it is said:

"But it seems to us that one of the principal purposes of guard rails is to warn drivers of the exact point of danger so that they may know where to drive to avoid it, just as a lighthouse warns of the danger near it."

Had a guard rail been erected it might have warned the driver of the nearness of the embankment and he might not have backed his car to the position that he did.

It cannot be said as a matter of law that the deceased was guilty of negligence in attempting to back his car and turn it. 42 Corpus Juris 934. The rule is stated in 2 Blashfield, Cycl. of Automobile Law & Procedure, 274:

"The question of whether, in backing an automobile, the operator has exercised the degree of care rendered necessary by the circumstances of the case, is generally one of fact."

We fail to see in what manner the deceased was guilty of negligence as a matter of law.

Whether or not the deceased knowingly and voluntarily went into a dangerous place, and as a direct result was injured, is a question for the jury. **Oyler v Stakes, 16 Oh Ap 427.**

The most favorable view that can be taken in favor of the contention of the defendant board is that different minds might arrive at different conclusions as to the actions of the deceased. Did the deceased in attempting to back and turn his car while looking backward, and in stopping the car within six and a half feet from the edge of the embankment, and in putting on the emergency brake and then releasing it and putting the car in low gear, and in attempting to proceed away from the embankment, act as a reasonable and prudent man would have done under the circumstances? This ▮▮▮▮ in our opinion is a question ▮▮▮▮▮ to be submitted to the jury, and the deceased was not guilty of contributory negligence as a matter of law.

The trial court erred in directing a verdict for the defendant board at the close of the plaintiff's evidence, for which the judgment must be reversed and the cause remanded to that court for further proceedings according to law.

Judgment reversed.

MIDDLETON, PJ, and McCURDY, J, concur.