RICE, APPELLANT, v. THE HANCOCK MFG. CO., APPELLEE.

(No. 461—Decided May 2, 1949.)

*Messrs. Hull & Hawk,* for appellant.
*Mr. Alexander L. Hyzer,* for appellee.

FESS, J. At the close of the case the court below instructed the jury to return a verdict in favor of the defendant on the petition and submitted to the jury the determination of the issues arising upon the cross-petition of the defendant. Pursuant to the instructions

the jury returned a verdict in favor of the defendant on the petition. The jury also returned a verdict on the cross-petition against the plaintiff in the sum of $479. From the judgment entered on the verdicts, plaintiff appeals on questions of law.

On September 19, 1947, plaintiff was driving her automobile in a westerly direction upon U. S. route 20 in the village of Clyde, Ohio. When north of the easterly entrance to Camp Grand, she attempted to make a left turn and a collision occurred with a truck of the defendant which had been proceeding in an easterly direction. At the scene of the collision the highway is divided for westbound and eastbound traffic by a white line. The lane for westbound traffic is 16 feet wide and that for eastbound traffic 24 feet wide.

Plaintiff testified that, just prior to making her left-hand turn, she stopped north of and parallel with the white line; and that she held out her hand and watched through the rear-vision mirror a truck which had been following her. She noticed a passenger car approaching from the west, but did not see the truck until it was "way over next to me and heading right for me." She stated that at the time of impact the front of her car was over the line about a foot. This statement is inconsistent with her statement that she stopped north of the line. It may be inferred, however, that she meant she had stopped north of the line prior to turning to her left. She stated also that her car came into contact with the front end of the second trailer back of the tractor, which "jackknifed and hit the head end of my car."

The evidence is conclusive that but one trailer was attached to the tractor. She also stated that after the collision the truck and trailer were clear over the curb upon the grass and her car was clear over the line on the south side of the pavement. On cross-

examination she admitted that when she was making the left turn she saw the automobile a good block to the west but did not see the truck until immediately before the collision because it was immediately back of the automobile. A witness for the plaintiff testified that after the collision he observed "burn marks" on the highway made by the tractor and trailer and extending 221 feet; that these marks began near the curb and swung to the left to the center of the road and from there to the right or to the south berm of the road. He testified also that tire marks from plaintiff's car were observed four or five feet south of the center line. A pencil sketch made by this witness while on the stand shows all these marks south of the white line.

Plaintiff's testimony in its most favorable light (*Theatre Co.* v. *Lautermilch,* 118 Ohio St., 167, 160 N. E., 683; *Hamden Lodge* v. *Gas Co.*, 127 Ohio St., 469, 189 N. E., 246), shows that plaintiff's car was a foot over the white line dividing the traffic at the time of the collision. Although the white line did not divide the highway equally, it seems to be conceded that it divided the use of the highway between westbound and eastbound traffic. No explicit rule of conduct is prescribed by the Uniform Traffic Act for making a left-hand turn at a point other than an intersection. Section 6307-25, General Code, provides that a vehicle shall be driven upon the right half of the highway except when making a left-hand turn under the rules governing such movements. Section 6307-30, General Code, provides that no vehicle shall be driven to the left of the center line in overtaking and passing traffic proceeding in the same direction unless such left side is clearly visible and is free from oncoming traffic, etc. Since plaintiff was not engaged in passing another vehicle, this section does not apply.

Section 6307-38, General Code, provides that no person shall turn a vehicle from a direct course upon a highway unless and until such person shall have exercised due care to ascertain that such movement can be made with reasonable safety to the users of the highway. This section prescribes a rule of conduct and a violation thereof is not negligence per se. Cf. *Heidle v. Baldwin,* 118 Ohio St., 375, 161 N. E., 44. The making of the left turn over the dividing line of the highway was negligence. But in view of the fact that the south lane of the highway for eastbound traffic was 24 feet wide with adequate room to avoid colliding with plaintiff's car, reasonable minds could well differ as to whether plaintiff's negligence proximately contributed to her injury. *Glasco v. Mendelman,* 143 Ohio St., 649, 56 N. E. (2d), 210.

The judgment entered on the verdicts is therefore reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CONN and CARPENTER, JJ., concur.