GEORGE L. KIMBER, Appellee, *vs.* HARVEY M. BURNS,
Appellant.

*Opinion filed February 23, 1912.*

1. TRESPASS—*when party is guilty of trespass.* One who cuts
down trees the stumps of which stand partly upon his lot and
partly upon the lot of another person, who had forbidden the cut-
ting, is guilty of trespass, even though he cut down the trees in
order to move to his lot a house which stood upon the other per-
son's lot and which the latter had sold to the former with the
understanding that it would be moved off the lot in some other di-
rection not requiring the cutting of the trees, the purchaser at that
time not owning the adjoining lot.

2. NEW TRIAL—*what necessary to justify granting new trial for
newly discovered evidence.* To justify granting a new trial upon
the ground of newly discovered evidence the evidence must be of
a conclusive nature, and it must appear that there was no lack of
diligence to discover the evidence before the trial was had.

APPEAL from the Circuit Court of Morgan county; the
Hon. OWEN P. THOMPSON, Judge, presiding.

W. N. HAIRGROVE, and M. T. LAYMAN, for appellant.

KIRBY, WILSON & BALDWIN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an action for trespass to real estate. The dec-
laration charges that the defendant broke and entered the
close of plaintiff described as lot 9, block 21, in the city of
Waverly, and cut and destroyed two soft maple shade trees
then growing thereon; also charges him with removing a
pump from plaintiff's well, tearing up and destroying the
platform of the well, tearing up and destroying the cement
brick wall at the top of said well, and removing from said
well a cooling box and destroying the same. Defendant
pleaded not guilty and that the close was the close of de-
fendant. Issues were joined on the pleas, a trial had be-
fore a jury and a verdict rendered in favor of plaintiff for

$100, upon which the court, after overruling a motion for a new trial, rendered judgment. Defendant prosecuted an appeal to the Appellate Court for the Third District, and that court transferred the case to this court on the ground that a freehold was involved.

Appellee was for some time prior to the alleged trespass the owner of lot 9, in block 21, upon which there was a house. Appellant purchased from appellee the house on lot 9 and was given verbal permission to move it off the lot. He afterwards purchased from a Miss Graves lot 10, which joins lot 9 on the west, and made preparation to move the house from where it stood, west to and upon lot 10. Two maple trees and a well were between the house and the place on lot 10 where appellant proposed to move it, and moving in that direction necessitated moving it over the well and cutting down the trees. This appellee forbade appellant doing. He, however, cut the trees down, removed the pump and platform of the well, the wall above the surface of the ground, and took out a cooling box that was in the well.

Two surveyors who had a short time before the trial surveyed the line between lots 9 and 10, testified the well was wholly on lot 9 and the two trees were on the line. Seven and one-half inches of the stump of one of the trees was on lot 9 and twenty-two inches on lot 10. Eight inches of the other stump was on lot 9 and twenty-two inches on lot 10. Appellant did not claim that appellee ever gave him permission to move the house west over the well and where the two trees stood. He testified when he bought the house of appellee they had a talk about what part of the lot he should take it over in moving it; that he told appellee he had in view different places to which he thought of moving the house; that two of the places he had in mind were south-west of lot 9 and another north-east; that if he took it west they talked about going out south, and if he moved it north they talked about pulling it out east; that at an-

other time they talked about moving it off the lot south between two trees, but appellant said he did not think there was space enough between them to do that. Appellee testified their agreement was that the house was to be moved off the lot south-east, and that he stated he would not permit the trees on the west of the house to be cut. Appellant testified to making measurements with a tape line which showed the trees to be wholly on lot 10, but there was no reliable testimony contradicting the correctness of the line located by the surveyors. While there was some conflict in some of the evidence upon unimportant matters, the undisputed material testimony shows that the acts of the appellant complained of were unlawful.

Complaint is made that certain remarks of the court during the progress of the trial and in the presence of the jury were prejudicial to appellant. We have read the remarks complained of in the record and think the objection made is without merit.

Complaint is also made of the rulings of the court in giving certain instructions on behalf of appellee and in refusing the thirty-fourth instruction asked by the appellant. We have examined the instructions and are of opinion there was no substantial error in the action of the court in giving or refusing instructions.

In support of his motion for a new trial appellant filed an affidavit that he was surprised by the testimony of one of the surveyors, and had since discovered that the survey and blue-print made by the surveyor and offered in evidence were incorrect, and that he could prove by several witnesses that one of the trees cut down was entirely on his lot. He also filed an affidavit of a surveyor that he had run the line between lots 9 and 10 since the trial and/that the stump of one of the trees was wholly on lot 10. If such affidavits would entitle a defeated party to a new trial it would be in the power of such party in almost any case to secure a new trial. The affidavit stated no facts that

appellant could not have known, by reasonable diligence, before the trial. A new trial will sometimes be granted on account of newly discovered evidence, but it must appear that there was no lack of diligence used to discover the evidence before the trial and the newly discovered evidence must be of a conclusive nature. The affidavit of the appellant wholly fails to comply with these requirements.

The motion for a new trial was properly overruled and no valid reason has been shown why the judgment rendered on the verdict should be reversed. It is therefore affirmed.

*Judgment affirmed.*