(No. 14504.—Judgment affirmed.)
THE CRANE COMPANY, Plaintiff in Error, *vs.* LEROY R.
PARKER, Defendant in Error.

*Opinion filed October 21, 1922.*

1. NEGLIGENCE—*when judgment at law will not be set aside by
suit in equity.* A judgment in a personal injury suit will not be
set aside by a court of equity on the ground that it was the result
of fraud or false testimony as to the extent of the plaintiff's in-
juries, where the evidence to establish the fraud or perjury is not
decisive, and the amount of the verdict, compared with the dam-
ages claimed, is so small as to indicate that the jury did not rely
upon the alleged false testimony.

2. EQUITY—*what is necessary to obtain relief against judgment
on ground of fraud or alleged perjury.* To entitle a defendant to
relief against a judgment or decree on the ground of fraud, acci-
dent or mistake, it must be made evident that the defendant had a
defense on the merits and that such defense was lost to him with-
out his own omission, negligence or default; and to set aside a
judgment at law on the ground that it was obtained by perjury,
the case for relief must appeal strongly to the chancellor.

3. NEW TRIAL—*when equity will grant new trial for newly dis-
covered evidence.* Where a party has used due diligence to obtain
all his evidence but new evidence is discovered after the judgment
or decree, a court of equity, when satisfied that the new evidence
would have produced a different result, will grant a new trial if
the judgment is apparently unjust; but the newly discovered evi-
dence must be not only material but of a controlling character, and
if it is merely cumulative it is not ground for a new trial.

WRIT OF ERROR to the First Branch Appellate Court for
the First District;—heard in that court on appeal from the
Superior Court of Cook county; the Hon. DENIS E. SUL-
LIVAN, Judge, presiding.

W. T. ALDEN, C. R. LATHAM, and H. P. YOUNG,
(CHARLES MARTIN, of counsel,) for plaintiff in error.

FRANK L. TUTTLE, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is a bill in equity filed in the superior court of Cook county by the Crane Company, a corporation, plaintiff in error, to declare illegal and void a judgment at law for $1000 in a personal injury suit in favor of defendant in error, Leroy R. Parker, rendered against it May 4, 1912, in the circuit court of Cook county, and to set aside the judgment and to award a new trial in the suit at law. The cause was referred to the master in chancery to take proof and report his conclusions. A temporary restraining order was issued, restraining the collection of the judgment pending the report of the master. The master, after hearing the evidence, made his report to the court and recommended that the bill be dismissed for want of equity. The superior court overruled the exceptions to the master's report and dismissed the bill for want of equity. The decree of the superior court was affirmed by the Appellate Court for the First District, and the cause was brought to this court by a writ of *certiorari*.

The declaration at law charged that Parker sustained an injury on January 19, 1910, while riding on the rear platform of a street car, on account of the negligence of one of plaintiff in error's servants in driving a truck against the street car, and the *ad damnum* was laid at $15,000. The declaration alleged that his spine is permanently injured, that he has suffered from paralysis as a result of the injury and has permanently lost the use of his legs and feet, and that his nervous system has been seriously deranged. The general issue was filed to the declaration. Upon appeal to the Appellate Court for the First District the judgment of the circuit court for $1000 was affirmed and a certificate of importance and an appeal to this court were denied. Thereafter, on March 31, 1914, this bill was filed, charging that the judgment had been obtained by fraud, conspiracy and perjury. Evidence was introduced before the master by

plaintiff in error to the effect that Parker had committed perjury on the trial in the suit at law in testifying, in substance, that he was paralyzed or had symptoms of paralysis and was permanently injured; that he never had fits before his injury, and that his nervous system was very much affected as the result of the injury complained of in the suit at law. Further proof was offered to the effect that Parker had been guilty of subornation of perjury and malingering before and during the trial of the suit at law; that he used crutches before and during the trial of the case for the purpose of leading the jury to believe that he could not travel without them, and that as a matter of fact, when at home and at other places where it could not be noticed by the public, he traveled and moved around without his crutches, the same as he had before his injury and apparently without suffering from the injury. There was also evidence introduced to the effect that he had fits or epilepsy before he was injured and had had such affliction for some time previous to his injury. Mrs. Lee, his sister-in-law, testified before the master that she perjured herself in the suit at law by testifying that Parker used crutches at his home and on other occasions before and during the trial and appeared to be seriously injured and that he never had epileptic fits previous to his injury, when, as a matter of fact, previous to the trial he often discarded his crutches when at home and in other places where he could not be seen by the public, and that he was able to get around about as spry and to do his work about as well after the injury as before, and that she had seen him have epileptic fits previous to his injury. She further testified that she was induced to commit perjury before the trial of the lawsuit by Parker and his attorney.

The evidence presented by the plaintiff in error in this suit was in the main directed to the question of the seriousness of the injury sustained by the defendant in error in the collision of its truck with the street car on which he

was riding. The substance of this evidence is that the defendant in error feigned injury or claimed to be much more seriously injured than he really was; that he could walk without his crutches and that his use of them was for effect, only, in the trial at law; that there was no change in his appearance after the date of the accident, and that he had had epilepsy or fits and convulsions before the accident. There is no proof to the effect that he received no injury in the collision aforesaid. Practically all of the witnesses who testified before the master in chancery in the case at bar had testified in the lawsuit, and their testimony before the master was in the main a repetition of that given in the lawsuit, except that they further testified that the defendant in error, a few months after he had recovered judgment, discarded his crutches and appeared to be in about as good condition as he was before his injury. In other words, this evidence is merely cumulative and only strengthened plaintiff in error's former contention that defendant in error was not seriously injured and was malingering in order to secure a large verdict. Two witnesses, however, testified before the master whose testimony was not the same as in the lawsuit. These witnesses were Mrs. Lee and Henry Prentice, sister-in-law and brother-in-law, respectively, of defendant in error, both of whom admitted that they testified falsely in his favor in the suit at law. Prentice's testimony was similar to Mrs. Lee's, except as to the fact of suborvation of perjury on the part of the defendant in error and his counsel.

The entire record of the lawsuit, including the bill of exceptions containing the evidence in that suit, was introduced before the master. That testimony is not all abstracted in this case. In fact, very little of it is abstracted, but we have examined it in the record sufficiently to ascertain that there were other witnesses besides defendant in error who testified in that suit that he sustained a real in-

jury by the collision aforesaid. We find that one witness testified that he was on the car and standing by Parker on the rear platform of the car when the collision occurred; that the street car was standing still and that the truck of plaintiff in error ran into it from the rear; that Parker was standing in front of the controller on the street car and very near it, and by the collision was knocked back against the controller box and injured in the back, or was told by Parker that he was injured in the back. This witness described the effect of the collision as a "big jar," and he helped Parker off the car after his injury. There were other witnesses who testified to the extent of Parker's injury. Dr. Brown testified, in substance, that he was called to see Parker professionally very shortly after the injury; that he found him lying in bed or on a cot, and on examination found a discolored spot on the right side of the central part of his body two inches by three inches, about two inches from the spine, just about the crest of the ilium; that Parker then appeared to be suffering considerable pain and to have a great deal of sensitiveness at the place of the injury; that he saw no objective symptoms that indicated or appeared to be capable of producing any paralysis. It thus appears, without question, that Parker did receive some injury from the collision. It further appears that he claimed large damages and very serious injuries; that the injury paralyzed him and very greatly injured his nervous system. The defense was that he was malingering, not very seriously injured, had had fits before his injury and as a result thereof was very nervous, and that he was not entitled to heavy damages in the lawsuit. Two or more witnesses testified to Parker's having fits before his injury. He did not receive heavy damages but very small damages according to his claim as to his injuries. In other words, we are warranted by the smallness of the verdict and the evidence, in the conclusion that the jury found for the cor-

poration on the claim that he was malingering and not very seriously injured.

The master in chancery found in this case that the size of the verdict and the evidence in the lawsuit indicate that the jury did not believe that Parker's legs were paralyzed and did not regard the injuries received by him, and the effects thereof, as being serious or permanent; that if the testimony of Mrs. Lee and the other witnesses who testified for Parker had been given full credence and weight the verdict would undoubtedly have been very much larger; that the new facts in this case are but cumulative, and insufficient to entitle plaintiff in error to a decree setting aside the judgment at law and granting a new trial. The Appellate Court was of the same opinion and affirmed the judgment. Without discussing in detail the evidence, we are of the same opinion, and hold that the testimony offered for plaintiff in error in this case is not decisive that the judgment in the lawsuit was the result of fraud or false testimony, as claimed by plaintiff in error, and that the decree of the superior court and the judgment of the Appellate Court ought to be affirmed.

We may say in conclusion that the testimony of Parker's wife's relatives in this case was evidently the result of a falling out of Parker and his wife which culminated in legal proceedings, in which his wife obtained from him a divorce and alimony, and of the further fact that he afterward absconded and has failed to pay the alimony awarded to her. We cannot commend his conduct in this regard, and do not think the motives of his wife's relatives commendable in seeking to undo by their testimony the small judgment which Parker received and which by their former testimony they in vain sought to augment by what they now say was false testimony given by them.

To entitle a defendant to relief against a judgment or decree on the ground of fraud, accident or mistake, it must be made evident that he had a defense on the merits and

that such defense has been lost to him without his own omission, negligence or default. (*Ward* v. *Durham,* 134 Ill. 195.) Plaintiff in error made its defense in the lawsuit along the line of its present contention, and succeeded, as the size of the verdict shows, in defeating the large amount of damages claimed by Parker. The evidence in this suit warrants the conclusion absolutely that a judgment in some amount in favor of Parker was warranted, admitting all of plaintiff in error's contentions in the case. Its evidence does not even conclusively show that another trial would result in a smaller judgment. In order to justify a court of chancery in setting aside a judgment at law and granting a new trial on the ground that the judgment was obtained by perjury the case must appeal strongly to the chancellor for relief. It is by fixed and determined rules alone that this jurisdiction will be exercised. If, however, a party has made every effort in his power to discover evidence and failed, when afterwards discovered courts of equity treat this as an accident, and will, when satisfied that such newly discovered evidence would have produced a different result if it had been known in proper time and that the judgment is unjust, grant a new trial. All these elements must concur before the relief will be granted. (*Brown* v. *Luehrs,* 95 Ill. 195.) Plaintiff in error used all diligence possible in the trial at law and apparently succeeded in defeating the fraudulent part of the defendant in error's contention in that lawsuit. Where a party has had a trial upon the issues he cannot have a new trial for newly discovered evidence unless he can satisfactorily show to the court that such newly discovered evidence is not only material to the issues but of a controlling and conclusive character. If it be merely cumulative and not of a conclusive character it is not ground for a new trial. *Champion* v. *Ulmer,* 70 Ill. 322.

The judgment of the Appellate Court affirming the decree of the superior court is affirmed.

*Judgment affirmed.*