[Cite as *Broka v. Cornell's IGA Foodliner Inc.*, 2013-Ohio-2506.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| RICHARD L. BROKA, ET AL, | : | | JUDGES: |
| | : | | |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiffs - Appellants | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| | : | | |
| -vs- | : | | |
| | : | | |
| CORNELL'S IGA FOODLINER INC. | : | | Case No. 12CA100 |
| | : | | |
| | : | | |
| Defendant - Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County
Court of Common Pleas, Case No.
11 CV 1581

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      June 10, 2013

APPEARANCES:

For Plaintiffs-Appellants

JOHN K. RINEHARDT
Rinehardt Law Firm
2404 Park Avenue West
Mansfield, OH 44906

For Defendant-Appellee

TIMOTHY J. RILEY
1370 Ontario Street
800 Standard Building
Cleveland, OH 44113

*Baldwin, J.*

{¶1}   Plaintiffs-appellants Richard and Marvel Broka appeal from the September 10, 2012 Opinion and Judgment Entry of the Richland County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Cornell's IGA Foodliner, Inc.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On or about March 23, 2010, appellant Richard Broka (hereinafter "appellant") was shopping at Cornell's IGA, a grocery store owned by appellee. Appellant and his wife had shopped at the same grocery store on a regular basis for many years. Upon entering the store, appellant proceeded down the hallway that leads to the bathroom on his route to the deli. During his deposition, he testified that he did not know of any other bathrooms in the store.

{¶3}   A sign was taped to the door of the men's bathroom stating that the bathroom was out of order and directing customers to use the bathroom at the back of the store. On the day in question, appellant saw a wastebasket about six inches from the door jamb to the men's restroom. He testified that the wastebasket was not directly in front of the door to the restroom and that it was off to the side. Appellant further testified that he did not move the wastebasket and was able to enter the men's restroom without doing so.

{¶4}   After reading the sign, appellant opened the door to the bathroom without asking store employees if there was another bathroom in the store. Appellant determined that there was no water on the floor of the bathroom and did not observe

any other visible problems or hazards. Appellant then decided to use the bathroom.  As soon as he stepped in with his left foot, appellant fell, sustaining injuries.

{¶5}    Nathaniel Jones, appellee's employee, received a page indicating that someone had fallen. When he contacted appellant, Jones found that appellant was covered in some type of substance. Appellant told Jones that he had fallen in the bathroom.  Jones testified that when he walked back towards the bathroom, he saw a trash can directly in front of the bathroom door and a sign on the door. Jones testified during his deposition that he opened the door, proceeded to walk into the bathroom, and then almost fell "because there was like a stripper wax on there…" Deposition of Nathaniel Jones at 6. According to Jones, appellant told him that he had seen the trash can, but that he had not seen the sign.  Jones further indicated that one would have had to move the trash can to get into the bathroom. According to Jones, there is another restroom in the back of the store that is mainly used by employees but is used by the public as well.

{¶6}    Mickey Waldruff, a manager at appellee's store, testified that Joann Brown Salmen had stripped the restroom floor on the date at issue before the store closed because she had young children at home and worked earlier in the evening. On the day in question, Salmen's job was to strip the wax on the floor and rewax the floor. Waldruff testified that Salmen approached her to show her the sign that Salmen was going to put on the restroom door. The sign indicated that the restroom was out of order and instructed customers to use the restroom at the back of the store. Waldruff testified that she told Salmen that the sign was sufficient and also that Salmen told her that she also was going to put a trash can in front of the restroom door so that customers would know

that the restroom was out of order. Waldruff saw the trash can in front of the door and saw the posted sign.

{¶7}   Joann Brown Salmen testified that when stripping the restroom floor, the wax stripper had to remain on the floor at least 15 minutes to loosen the old wax.  She testified that appellee's maintenance supervisor had instructed her to use correct safety procedures when stripping the floor so that no one got hurt and that such instructions included using orange cones, placing a barrier in their path, and using a sign.  She testified that anytime there is a wet surface, orange cones, which stated "Caution, Slippery When Wet",   were to be placed in the path of the customer. Salmen further testified that the store also had yellow folding cones available.

{¶8}   Salmen testified that it was a common practice to post a handwritten sign on the restroom door stating "Out of Order" or "Caution" if she was cleaning the restroom. She testified that she did not indicate on the sign that the floor was slippery or that stripper had been applied because she felt such a sign would be redundant due to other measures that she had taken such as using cones or other barriers, such as a mop bucket that said slippery when wet.

{¶9}   Salmen testified that, on the day of the incident, before applying the stripper,  she put a large trash can in front of the men's restroom door  in such a manner that the trash can had to be moved after reading the sign in order to enter the restroom. She further testified that she placed orange cones in front of the trash can. After applying the stripper, Salmen placed the trash can back in front of the door and made sure that the cones were in place. She then went to the maintenance storage area to rinse out her bucket. During the short time that she was gone, appellant had fallen.

According to Salmen, she noticed that the trash can had been removed and the cones moved aside.

{¶10} Salmen testified that her ex-husband took photos of the area in question with his camera phone. During her deposition, she reviewed a photograph that she shown to her. She testified that the photograph was of the men's restroom door at appellee's store, but that the photograph showed that the trash can had been moved to the side and was not as she had left it. Salmen also testified that the handwritten sign in such photograph indicating that the restroom was out of order and instructing customers to use the restroom in the back of the store was in her handwriting and was the sign that she had posted on March 23, 2010 before appellant's fall.

{¶11} Salmen also testified that appellant, upon opening the door to the restroom, would have seen wet marks and bubbles visible on the floor and that the smell was very pungent.

{¶12} On December 12, 2011, appellant and his wife filed a complaint against appellee, alleging that appellee was negligent. On July 24, 2012, appellee filed a Motion for Summary Judgment. Appellants filed a memorandum in opposition to the same on August 20, 2012. Pursuant to an Opinion and Judgment Entry filed on September 10, 2012, the trial court granted such motion.

{¶13} Appellants now raise the following assignment of error on appeal:

{¶14} THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

I.

{¶15} Appellants, in their sole assignment of error, argue that the trial court erred in granting summary judgment in favor of appellee. We disagree.

{¶16} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, we must refer to Civ.R. 56 which provides, in pertinent part: " * * *Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation ..., that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.* * * "

{¶17} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment, bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot

support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997–Ohio–259, 674 N.E.2d 1164, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 1996–Ohio–107, 662 N.E.2d 264.

{¶18}  At issue in the case sub judice is whether or not appellee was negligent. In order to establish a claim for negligence, a plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. *Jeffers v. Olexo,* 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989).

{¶19}  In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed.  *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137,  662 N.E.2d 287; *Shump v. First Continental–Robinwood Assocs.,* 71 Ohio St.3d 414, 417, 644 N.E.2d 291 (1994). Ohio adheres to the common-law classifications of invitee, licensee, and trespasser in cases of premises liability. *Shump,* supra, *Boydston v. Norfolk S. Corp.,* 73 Ohio App.3d 727, 733, 598 N.E.2d 171, 175 (4th Dist. 1991).

{¶20}  In the case at bar, appellant was a business invitee. An invitee is defined as a person who rightfully enters and remains on the premises of another at the express or implied invitation of the owner and for a purpose beneficial to the owner. *Gladon,* supra at 315. The owner or occupier of the premises owes the invitee a duty to exercise ordinary care to maintain its premises in a reasonably safe condition, such that its invitees will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite*

*Aid Pharmacy, Inc.,* 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). A premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. See *Jackson v. Kings Island* 58 Ohio St.2d 357, 358, 390 N.E.2d 810 (1979). However, a premises owner is not an insurer of its invitees' safety against all forms of accidents that may happen. *Paschal,* supra at 204. Invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See *Brinkman v. Ross,* 68 Ohio St.3d 82, 84, 623 N.E.2d 1175 (1993); *Sidle v. Humphrey* 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus. Therefore, when a danger is open and obvious, a premises owner owes no duty of care to individuals lawfully on the premises. See *Armstrong v. Best Buy Co.,* 99 Ohio St.3d 79, 2003–Ohio–2573, 788 N.E.2d 1088; *Sidle,* supra at paragraph one of the syllabus.

{¶21} We concur with the trial court that appellee met its duty of care to appellant and warned him of the potential threat in the restroom. The signed posted to the restroom door stated that the restroom was out of order and directed store customers to use the restroom in the back of the store. Appellant admitted that he saw the sign and read and understood the same. However, appellant chose to disregard the sign and did so at his own risk. In addition, there was a trash can either directly in front of or to the side of the restroom door. While appellant testified that he did not know that there was another restroom in the store, there is no evidence that, upon reading the sign, he asked any store employees for the location of the restroom.

{¶22} In short, we find that the trial court did not err in granting summary judgment in favor of appellee because reasonable minds can come to but one conclusion and that conclusion is adverse to appellants.

{¶23} Appellants' sole assignment of error is, therefore, overruled.

{¶24} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.


By:   Baldwin, J.

and Delaney, J. concur.

and Hoffman, P. J. dissents.


HON. CRAIG R. BALDWIN


HON. WILLIAM B. HOFFMAN


HON. PATRICIA A. DELANEY


CRB/dr

*Hoffman, P.J., dissenting*

**{¶25}** I respectfully dissent from the majority opinion.

**{¶26}** While Appellant's actions may well demonstrate comparative fault/negligence in entering the restroom, when construing the evidence in the light most favorable to Appellant, I find reasonable minds could differ concerning the adequacy of the "warning" posted by Appellee of the latent or concealed danger encountered. "Out of order" is not a warning, but rather a statement or notice of fact. The sign did not indicate "Do not enter", nor, more importantly, warn of the slippery floor. Under the circumstances, I believe reasonable jurors could find Appellee's warning inadequate.

_____

HON. WILLIAM B. HOFFMAN

[Cite as *Broka v. Cornell's IGA Foodliner Inc.*, 2013-Ohio-2506.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RICHARD L. BROKA, ET AL, | : | : |
| Plaintiffs -Appellants | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| CORNELL'S IGA FOODLINER INC. | : | |
| | : | |
| Defendant - Appellee | : | Case No. 12CA100 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs assessed to the appellants.


_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY